Zackary A. Paal (Cal. State Bar No. 261827)
zpaal@williamskastner.com
Scott B. Henrie, WSBA #12673, Pro Hac Vice
shenrie@williamskastner.com
Manish Borde, WSBA #39503, Pro Hac Vice
mborde@williamskastner.com
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
Facsimile:  (206) 628-6611
Attorneys for Plaintiff/Counter-Defendant
JAMES F. RIGBY, CHAPTER 7 TRUSTEE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| JAMES F. RIGBY, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY M. GORDON, individually and as TRUSTEE OF THE GORDON FAMILY TRUST DATED FEBRUARY 1, 2006; et al.,<br><br>Defendants. | NO.  SA CV 13-01352 R (PWJx)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| CITIBANK, N.A., a national banking association,<br><br>Counter-Claimant,<br><br>v.<br><br>JAMES F. RIGBY, CHAPTER 7 TRUSTEE,<br><br>Counter-Defendant,<br><br>And<br><br>FIRST REPUBLIC BANK, a California corporation,<br><br>Third-Party Defendant. | |

Before the Court is Plaintiff's Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Dkt. #74). In support of his Motion for Partial Summary Judgment, Plaintiff submitted: (1) a Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment (Dkt. #74-1); (2) Plaintiff's Local Rule 56-1 Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Partial Summary Judgment (Dkt. #75); (3) Declaration of Scott B. Henrie in Support of Plaintiff's Motion for Summary Judgment Pursuant to Fed R. Civ. P. 56 (Dkt. #76); (4) Declaration of Kent W. Mordy in Support of Plaintiff's Motion for Partial Summary Judgment (Dkt. #77); and (5) Declaration of Timothy P. Nishimura in Support of Plaintiff's Motion for Partial Summary Judgment (Dkt.# 78).

In response to Plaintiff's Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Dkt. #74), Defendants Stanley Gordon, Ellen Gordon, Ryan Knott, and Ashley Knott filed the following pleadings: (1) Memorandum of Points and Authorities of Defendants Stanley Gordon, Ellen Gordon, Ryan Knott and Ashley Knott in Opposition to Motion for Partial Summary Judgment (Ct. Rec. 79); (2) Evidence in Support of Defendants' Opposition to Motion by Plaintiff James F. Rigby for Partial Summary Judgment (Dkt. #80); (3) Responsive Statement of Controverting Material Facts Filed by Defendants Stanley Gordon, Ellen Gordon, Ryan Knott and Ashley Knott in Opposition to Motion for Partial Summary Judgment by Plaintiff James F. Rigby (Dkt. #81); and (4) Evidentiary Objections by Defendants to Evidence Proffered by Plaintiff in Support of Motion for Partial Summary Judgment (Dkt. #82).

Plaintiff submitted: (1) Plaintiff's Response to Evidentiary Objections by Defendants to Evidence Proffered by Plaintiff in Support of Motion for Partial Summary Judgment (Dkt. #89) and (2) Plaintiff's Reply in Support of Motion for Partial Summary Judgment (Dkt. #90). On reply, Plaintiff withdrew the

Declaration of Timothy P. Nishimura in Support of Plaintiff's Motion for Partial Summary Judgment (Dkt. #78).

**Findings of Fact**

1. On February 1, 2006, Michael R. Mastro extended a loan to FlexPoint Funding Corporation in the amount of $2,000,000. Declaration of Scott Henrie, Ex. C; Dkt. #21, at 2, 42-45; Dkt. #43, at ¶ 1; Dkt. #25, at Ex. 5.

2. Defendants Stanley Gordon, Ellen Gordon, Ryan Knott, and Ashley Knott signed as absolute and unconditional guarantors of payment on the Promissory Note. Declaration of Scott Henrie, Ex. C; Dkt. #21, at 2, 42-45; Dkt. #43, at ¶ 1; Dkt. #25, at Ex. 5.

3. Defendants have not made any payments on the Promissory Note since July 23, 2007. Declaration of Kent W. Mordy, Ex. A, at 3.

4. The Promissory Note calls for interest to accrue at fifteen percent (15%) per annum, with a default interest of thirty percent (30%) per annum. Declaration of Scott Henrie, Ex. C; Dkt. #21, at 43; Dkt. #25, at Ex. 5.

5. The Promissory Note contains a maturity date of the earlier of "(a) the completion of sale of all preferred or common stock of the Borrower or (b) twelve (12) months following the funding date, whoever occurs first." Declaration of Scott Henrie, Ex. C; Dkt. #21, at 42, Dkt. #25, at Ex. 5.

6. The Promissory Note contains a choice of law provision under which Washington law governs the Note. Declaration of Scott Henrie, Ex. C; Dkt. #21, at 43; Dkt. #25, at Ex. 5.

7. Payments for the Promissory Note were due to an address on Rainier Ave. South in Seattle, Washington. Declaration of Scott Henrie, Ex. B & C; Dkt. #21, at 42; Dkt. #25, at Ex. 5.

8. The Promissory Note was made for business/commercial purposes to FlexPoint Funding Corp., a corporation. Dkt. # 25, at 14.

5026674.2

9.    October 27, 2008, Defendant Ryan Knott admitted that $1,250,000 remained owing on the Note.  Declaration of Scott Henrie, Ex. A.

10.    On March 26, 2009, Defendants executed the First Amendment to the Note, stating the principal amount due on the Note was $1,250,000, extending the maturity date to February 1, 2010 and reaffirming all other obligations under the FlexPoint Note.  Declaration of Scott Henrie, Ex. C; Dkt. #21, at 2, 62-64; Dkt. #43, at ¶ 1; Dkt. #25, at Ex. 11.

## Conclusions of Law

1. Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

2. A factual issue is genuine if a reasonable jury could find in favor of the nonmoving party.  A fact is material if it might affect the outcome of the suit under the governing law, *Anderson v. Libberty Lobby, Inc.*, 477 U.S. 242 (1986).

3. The Promissory Note specifies that it shall be governed by the laws of Washington.  A federal court sitting in diversity jurisdiction applies the choice of law rules of the forum state, *Coneff v. AT&T Corp.*, 673 F.3d 1155 (9th Cir. 2012).  Under California law, a choice of law provision in a contract will be applied unless:  (a) the chosen state has no substantial relationship to the parties or the transaction, and there is no reasonable basis for the parties' choice; or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state that has materially  greater interest than the chosen state.  *Nedlloyd Lines B.V. v. Superior Court,* 3 Cal. 4th 459 (1992).

4. Mastro lived in Washington.  And the Promissory Note provided for the place of payment to be in Washington.  The state of Washington therefore has a substantial relationship to the parties and the transaction.

5. Washington made a policy choice to exempt commercial transactions

5026674.2

from Washington's usury law, *Paulman v. Filtercorp*, 73 Wn. App. 672 (1994). The parties agree that the transactions at issue in the instant case was for commercial purposes. California does not have a material greater interest than Washington in having its laws applied in this case.

6. Each state had parties to the Promissory Note, and each state has made policy choices about the interest rates allowable in certain situations. *Shannon-Vail Five, Inc. v. Bunch*, 270 F.3d 1207 (9th Cir. 2001). Therefore, the parties' choice to apply Washington law should be honored.

7. The Promissory Note and the First Amendment are properly in evidence before this Court. As commercial paper, they are self-authenticating. Fed. R. Evid. 902(9); *United States v. Pang*, 362 F.3d 1187 (9th Cir. 2004). Defendants have also previously introduced and authenticated these two documents themselves.

8. The interpretation of guarantees is the same as those applied to contracts generally. *Bellevue Square Managers v. Granberg*, 2 Wn. App. 760 (1970). The primary goal in interpreting a contract is to ascertain the parties' intent. This is done by focusing on the written instruments. *First Citizens Bank & Trust Co. v. Cornerstone Homes & Development, LLC*, 178 Wn. App. 207 (2013). Defendants sign their names directly below the word "guarantors," which was printed in capital letters. The Promissory Note also states that the signature on this note is an absolute and unconditional personal guaranty of payment and performance.

9. Defendants' attempt to create ambiguity in the terms of the guarantees are unavailing. For example, they observe that the section of the Promissory Note entitled "Security" does not reference a guaranty. The question of what collateral secures the Promissory Note is a separate question from the scope of the guaranty. There can be no question that defendants agreed to be guarantors. As guarantors, defendants have promised to perform if FlexPoint fails to perform. It is undisputed

5026674.2

that FlexPoint has failed to perform. Defendants are therefore individually liable on the Promissory Note.

10. The parties agree that the First Amendment to the Promissory Note was validly entered into and is binding on the parties. The parties dispute the authenticity and enforceability of the Second Amendment.

11. A subsequent agreement modifying an existing contract must be supported by new consideration independent of the consideration involved in the original agreement. *Boardman v. Dorsett*, 38 Wn. App. 338 (1984). The only possible consideration to support the second amendment is Mr. Knotts' purported promise not to file bankruptcy. A promise also constitutes valid consideration if the promise is binding on the party making it, *Sargent v. Drew-English, Inc.*, 12 Wn.2d 320 (1942). A promise not to file bankruptcy is not binding because it is unenforceable, *In re Huang*, 275 F.3d 1173 (9th Cir. 2002).

12. Like a prepetition waiver of a bankruptcy discharge, a promise not to file bankruptcy goes against public policy because it would frustrate the purposes of the Bankruptcy Code. *In re Cole*, 226 B.R. 647 (9th Cir. BAP 1998). Such a promise, therefore, does not constitute valid consideration, and the Second Amendment is not binding on the parties.

13. Under Washington law, a finding of laches requires a finding that plaintiff's delay resulted in material prejudice to the defendant. *Davidson v. State*, 116 Wn.2d 13 (1991). Here, there was no prejudice to the defendants. They imply that they were prejudiced because Mastro fled to France. However, they went to France and obtained Mastro's declaration in which he states the Second Amendment is authentic. Because the Trustee is not able to cross-examine Mastro, the only party prejudiced by Mastro being in France is the Trustee.

14. Defendants owe at least $1,250,000 based on their personal guaranty of the Note because: (1) they are absolute guarantors of payment; (2) Defendants

have admitted the amount due is $1,250,000.00 (Dkt. #43, at 2); (3) the Note came due on February 1, 2010; and (4) no payments have been made to retire the Note.

15. Defendants have not explained how else they were prejudiced by the claimed delay in this case, and no prejudice is apparent.

16. Plaintiff's motion is granted. In response to the Trustee's Statement of Uncontroverted Fact No. 3, defendants do not put forward any evidence that they have made any payments on the note since July 23, 2007, this fact is therefore established.

17. The terms and authenticity of the Promissory Note and the First Amendment are undisputed; and so is Mr. Mordy's arithmetic in calculating the interest owed. Judgment is entered in favor of the Trustee and against the four individual defendants in the amount of $3,058,333.33 as of May 31st, 2014.

**IT IS SO ORDERED** for the reasons articulated above, Plaintiff's Motion for Partial Summary Judgment is **GRANTED**. A judgment shall be entered in favor of Plaintiff consistent with these Findings of Fact and Conclusions of Law.

DATED: \_\_\_July 23, 2014\_\_\_

_____
HON. MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

PRESENTED BY:
WILLIAMS, KASTNER & GIBBS PLLC

/s/ Manish Borde, Pro Hac Vice
Zackary A. Paal, Cal. State Bar No. 261827
Scott B. Henrie, WSBA #12673, Pro Hac Vice
Manish Borde, WSBA #39503, Pro Hac Vice

Robert M. Aronson, Cal. State Bar No. 81487
LAW OFFICE OF ROBERT M. ARONSON
444 S. Flower Street, Suite 1700
Los Angeles, CA 90071
Attorneys for Plaintiff/Counter-Defendant
JAMES F. RIGBY, CHAPTER 7 TRUSTEE

5026674.2